(177)                           CHOUTEAU *v.* HILL & KEESE.

1. An intestate's effects are sold under an execution by a Sheriff, who, after satisfy-
   ing the debts, &c., has a surplus in his hands, for which the administrator gives a
   receipt, but never actually receives the money—held, that in whatever manner
   such surplus may have been applied, the administrator must account for it, and
   unless he does, his security will be liable in an action on his administration bond.
2. Nor will the circumstance of the party suing being an administrator, and having
   assets of the intestate in another State, discharge the security from his liability.

WASH, J. dissenting.

APPEAL from St. Louis Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.

This appeal is prosecuted by Chouteau to reverse a decree of the St. Louis Circuit
Court, sustaining a demurrer to a bill filed against the appellees, and dissolving an
injunction thereon granted. The bill sets out that Thomas Brady died intestate;
that administration of his estate was granted to John R. Jones, who executed a bond
with the complainant as security, in the sum of $6,000, conditioned as required by
the act of 1815; that before the death of Brady, the appellees commenced a suit
against him, which, after the death of Brady, survived against Jones as administra-
tor; that Jones appeared and pleaded, and pending the suit, died; that letters of
administration *de bonis non* were then granted to Augustus Jones and Harriet Brady;
that the administratrix, H. Brady, pending the suit, intermarried with John Scott,
who was made a defendant; and that at the October term of the Circuit Court, 1824,
Hill & Keese had judgment for $2,768 53; that the appellees, before issuing any
execution on said judgment, brought an action on the administration bond of John
R. Jones against the appellant, and had judgment; and that his damages were assessed
to $3,032 38; that on the trial of said cause, a document bearing date the 23d Octo-
ber, 1823, purporting to be a receipt passed by said Jones to the Sheriff of the county
of St. Louis, in the words and figures following, was given in evidence:

Received of John K. Walker, Sheriff of St. Louis county, $4,200, amount of the
surplus made by sale of the lot of ground in the city of St. Louis, as the property of
(178) Thomas Brady, deceased, on execution in favor of T. Bond and P. Menard,
against John Rice Jones, administrator of said deceased. On said evidence and other
the judgment against the appellant was given, and damages assessed as above men-
tioned. The bill further states, that Hill, one of the appellees, has obtained admin-
istration of the estate of Brady in Illinois, and that as such, is possessed of assets;
and that the appellees did not communicate to the appellant and his counsel, the fact
that no money had been received by Jones of the Sheriff as surplus proceeds of said
sale under Bond & Menard's execution, but availing themselves of the ignorance of
the appellant and his counsel, gave said receipt in evidence and urges this as a ground
of relief.

60

Chouteau *v.* Hill & Keese.

It is not pretended that Jones, if alive, could avoid the effect of the receipt given by him to the Sheriff on account of any fraud or mistake; but the appellant's counsel takes the ground, that the liability of the surety is not commensurate with that of his principal, but is limited by the condition of his bond. His liability is limited in amount to $6,000 by the condition of his bond, and he is certainly liable for all the money Jones did receive, not exceeding $6,000, as well as for all that he ought to have received and neglected to receive: suppose, for instance, a by-stander had purchased the property; could not Mr. Jones, having a right to receive the surplus of the sale, say to the Sheriff, receive from him so much as will satisfy the execution, and I will give you a receipt for the rest—he has paid me, or will pay me, or I will take it on him and give you a receipt. The Sheriff is certainly not bound to see that administrators rightly apply the funds which come to their hands. In whatever light this subject is viewed, whether Jones paid a debt he owed to the Sheriff with the money which he acknowledges to have received, or whether the Sheriff at his request kept the money for the purpose of paying a debt of Jones' to any other person, or whether he (Jones) meant to give it to the Sheriff, he is certainly liable to Brady's estate for the amount; and are we to be told that the security is not liable for the misapplications of the funds of intestates by the administrator? It may be true that the appellee is in possession of assets of Brady's estate in Illinois; but it is impossible to conceive that this should be any reason why the appellant should not pay the (179) amount he owes in consequence of his liability for the maladministration of his principal.

The judgment is affirmed.

WASH, J., dissenting from the above opinion.